United States District Court
Southern District of Texas
**ENTERED**
June 18, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **EUGENIA MARIA LOZADA OVIEDO,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:26-cv-4636** |
| | § | |
| **TODD M. LYONS,** *et al.*, | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

Before the Court is Petitioner Eugenia Maria Lozada Oviedo's Petition for Habeas Corpus (ECF No. 1) and the Federal Respondents' Motion for Summary Judgment (ECF No. 5). For the reasons that follow, the Court now **GRANTS IN PART** the Petition for Habeas Corpus and **DENIES** Respondents' Motion for Summary Judgment.

### I.　BACKGROUND

Petitioner is a non-citizen from Venezuela who entered the United States without inspection in 2021. ECF No. 5 at 2. After initial entry, she was taken into immigration custody. *Id.* Immigration authorities then released Petitioner on her own recognizance, subject to certain conditions. *Id.* Respondents re-detained Petitioner on April 25, 2026, after she was arrested and charged with prostitution on April 23, 2026.[1] ECF No. 1 at 2. Respondents do not otherwise allege

---

[1] The Court is unable to discern the current status of any pending criminal case against Petitioner from Parties' filings.

1 / 4

that Petitioner violated any condition of her release. *See id.* The Government's position is that Petitioner is subject to mandatory detention without bond pursuant to 8 U.S.C. § 1225(b)(2).

## II.    ANALYSIS

Petitioner argues that her re-detention violates the Due Process Clause of the Fifth Amendment. Because the Court agrees that Petitioner's re-detention violates her procedural due process rights, it declines to address the additional reasons that Petitioner believes her continued detention is unlawful.

The Court recently addressed a similar set of circumstances in *Betancourth v. Tate, et al.*, --- F.Supp.3d ---, 822 F.Supp.3d 762 (S.D. Tex. Mar. 6, 2026) (Ellison, J.). *See also Alvarez Rico v. Noem, et al.*, No. 4:26-CV-00729, 2026 WL 522322 (S.D. Tex. Feb. 25, 2026). In those cases, the Court concluded that ICE's re-detention of a noncitizen who was previously released on their own recognizance without a pre-deprivation hearing or proof of changed individual circumstances violated the noncitizen's right to procedural due process. *See Betancourth*, 822 F.Supp.3d at 768-770; *Alvarez Rico*, 2026 WL 522322 at *4-6. The Court has previously rejected Respondents' arguments concerning *Connecticut Dep't of Pub. Safety v. Doe*, 538 U.S. 1 (2003). *Betancourth*, 822 F.Supp.3d at 766-769.The same is true of Respondents' argument regarding *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020). *See Alvarez Rico*, 2026 WL 522322 at *3-4.

Respondents have not argued that Petitioner's criminal charges are the reason for her re-detention, instead asserting that her re-detention is justified because she is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Regardless, the Court concludes that Petitioner's possible engagement in prostitution cannot justify her detention without bond absent a finding, by clear and

2 / 4

convincing evidence, that Petitioner presents a flight risk or a danger to her community. There was no such finding here. The Government "created a liberty interest in Petitioner's release under § 1226(a) when it made the decision to release her in [2022]," and "that release cannot be revoked arbitrarily and without due process." *Bethancourt*, No. 4:26-CV-01169, 2026 WL 638482, at *6; *see also J.U. v. Maldonado*, 805 F. Supp. 3d 482, 498 (E.D.N.Y. 2025) (ordering release where the petitioner was re-detained "with no process at all, much less prior notice, no showing of changed circumstances, or an opportunity to respond"); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 497 (S.D.N.Y. 2025) ("Indeed, given the nature of the constitutional violation [petitioner] sustained here—i.e., Respondents' failure to conduct any kind of individualized assessment before [re-]detaining him—any post-deprivation review by an immigration judge would be inadequate."). Petitioner's re-detention thus violated her Fifth Amendment right to procedural due process, and release is the proper remedy.

### III.  RELIEF

The Court **ORDERS** as follows.

1. Respondents are **ORDERED** to release Petitioner from custody within 48 hours pursuant to the terms of her prior release order.

2. Respondents must release Petitioner in a public place within the Southern District of Texas and must notify her counsel or next friend of the time and place of her release **no less than three hours** prior to her release from custody.

3. Respondents must return all personal property to Petitioner upon release, including all identity documents such as a social security card, Employment Authorization Document, driver's license, and/or passport.

4.  Respondents may not re-detain Petitioner during the pendency of her removal proceedings absent a pre-detention hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that she is a flight risk or a danger to the community. Respondents similarly may not subject Petitioner to additional conditions of release without a hearing at which the government bears the burden of showing why new conditions are necessary.

The Court further **ORDERS** that Respondents file an advisory with the Court **on or before June 22, 2026,** informing the Court of the status of Petitioner's release and Respondents' compliance with the provisions above.

The Court further **ORDERS** that, following Petitioner's release, the parties **SHALL CONFER** and **FILE** a notice informing the Court whether any matters remain to be resolved in this case **on or before July 8, 2026.**

Signed at Houston, Texas on June 18, 2026.

_____

Keith P. Ellison
United States District Judge